APPLERA CORPORATION and Roche
Molecular Systems, Inc., plaintiffs,

v.

MJ RESEARCH INC. and Michael
and John Finney, defendants.

No. 3:98CV1201(JBA).

United States District Court,
D. Connecticut.

March 3, 2004.

Brian M. Poissant, Pennie & Edmonds, Charles W. Bradley, Orrick, Herrington & Sutcliffe, New York, NY, David Gersch, Arnold & Porter, Washington, DC, James T. Shearin, Pullman & Comley, Bridgeport, CT, Jennifer Gordon, Joseph Evall, Orrick, Herrington & Sutcliffe, Lawrence B. Goodwin, Chadbourne & Parke, New York, NY, Mary L. Azcuenaga, Heller Ehrman White & McAuliffe LLP, Washington, DC, Robert A. Cote, Stephen J. Lieb, Orrick, Herrington & Sutcliffe, Wendy Schechter, Heller Ehrman White & McAuliffe LLP, New York, NY, William J. Hone, Fish & Richardson, PC, New York, NY, Asim Varma, Bertrand R. Lanciault, III, Arnold & Porter, Washington, DC, Bruce J. Barker, Pennie & Edmonds, New York, NY, Gwen P. Weisberg, Pullman & Comley, James Sicilian, Mario R. Borelli, Day, Berry & Howard, Hartford, CT, Michael J. Klyce, Jr., Arnold & Porter, Washington, DC, Robin L. Smith, Day, Berry & Howard, Hartford, CT, Edward R. Reines, Matthew D. Powers, Weil, Gotshal & Manges, Redwood Shores, CA, John Josef Molenda, Patrick J. Hoeffner, Sharon Yang, Orrick Herrington & Sutcliffe, New York, NY, David Greenbaum, Weil, Gotshal & Manges, New York, NY, Paul Ehrlich, Weil, Gotshal & Manges, Redwood Shores, CA, Rita Lynn Berardino, Orrick, Herrington & Sutcliffe, New York, NY, for Plaintiffs.

A. Jason Mirabito, Mintz, Levin, Cohn, Ferris, Glovsky & Popeo, P.C., Boston, MA, Albert L. Jacobs, Jr., Greenberg Traurig, New York, NY, Brett N. Dorny, Mintz, Levin, Cohn, Ferris, Glovsky & Popeo, P.C., Boston, MA, C. Allen Foster, Greenberg Traurig, LLP, Washington,

DC, Christine Cora True-Frost, Cravath, Swaine & Moore, Daniel A. Ladow, Graham & James, David A. Hoffman, Cravath, Swaine & Moore, New York, NY, David S. Panzer, Greenberg Traurig, LLP, Washington, DC, Donna Nelson Heller, Finn Dixon & Herling, Stamford, CT, Gerard F. Diebner, Greenberg Traurig, New York, NY, Geri L. Haight, Mintz, Levin, Cohn, Ferris, Glovsky & Popeo, P.C., Boston, MA, Harold Bolton Finn, III, Finn Dixon & Herling, Stamford, CT, Ivor R. Elrifi, Mintz, Levin, Cohn, Ferris, Glovsky & Popeo, P.C., Boston, MA, John E. Beerbower, Cravath, Swaine & Moore, New York, NY, John A. Harre, Joseph G. Blute, Mintz, Levin, Cohn, Ferris, Glovsky & Popeo, P.C., Joseph B. Darby, III, Greenberg & Traurig, Boston, MA, Joseph M. Manak, Greenberg Traurig, New York, NY, Kevin E. Stern, Greenberg Traurig, LLP, Washington, DC, Mary Morabito Rosewater, Schulte, Roth & Zabel, New York, NY, Meghan A. Laganza, Patrick J. McHugh, Finn Dixon & Herling, Stamford, CT, Timothy C. Bass, Greenberg Traurig, LLP, Washington, DC, William C. Brashares, Mintz, Levin, Cohn, Ferris, Glovsky & Popeo, William A. Marino, Mintz, Levin, Cohn, Ferris, Glovsky & Popeo, P.C., Boston, MA, for Defendants.

**Ruling on Plaintiff Applera's Motion for Partial Reconsideration of the Court's February 12, 2004 Order and Request for Clarification of the Scope of the Court's "Partial Ruling" on Defendants' Motions for Summary Judgment of Non–Infringement to Identify which Accused Products are Within That Order [Doc. # 927]**

ARTERTON, District Judge.

Applera moves for reconsideration of the Court's Partial Ruling [Doc. # 899], requesting "the Court reconsider its conclusion that Applera waived its position on literal infringement of claims 17 and 33 of the '675 Patent under Section 112(6) equivalents [and] . . . its analysis of prosecution history estoppel as to claim 45 of the '675 Patent because Applera was deprived of a fair opportunity to address the basis for the Court's decision, which was not raised in MJ's briefing." Pl.'s Mem. [Doc. # 928] at 1. "In addition, although Applera does not seek reconsideration of the Court's conclusion that the sample holder design depicted in Appendix A to the Court's Order does not contain recesses, Applera seeks clarification that no other sample holder designs are sufficiently 'like' the design of Exhibit A and are thus not within the scope of the Court's order." *Id.* The Court assumes familiarity with its prior ruling, addresses each argument in turn, and, as set forth below, Applera's motion [Doc. # 927] is DENIED in PART and GRANTED in PART.

## I. Claims 17 and 33 of the '675 Patent and Literal Infringement under 35 U.S.C. 112, ¶ 6

Applera first argues that it could not have waived a section 112(6) equivalent argument as to claims 17 and 33 because defendants did not raise the metal block limitation of those claims as a ground for non-infringement at all. This argument lacks any merit:

2. Asserted claims 17,33, and 45 require the use of a metal block with a plurality of receptacles for holding a plurality of containers.

MJ submits it cannot infringe the asserted claims of the '675 patent, as construed by the Court, and as a matter of law for the following undisputed reasons:

. . . . .

2. The vast majority of MJ's thermal cyclers are not sold with, and are not

intended to employ, a metal block with a plurality of receptacles.

Defs.' Mem. [Doc. #·731] at 3. The Court noted that "[d]efendants supporting memorandum is confusing in that it invokes the metal block limitation as a basis for noninfringement with respect to claims 17, 33, and 45 ... but then discusses only claim 45 in its substantive argument," Ruling [Doc. # 899] at 12 n. 5, but understood the argument as applying to all three asserted claims and to have resulted from defendants' incorrect conflated reading of the Court's claim construction, see id. at 11–12 and nn. 4 and 5. So did Applera:

> Nearly two years after the close of fact discovery ... MJ raised for the first time two of the noninfringement defenses that are *the subject of their motion:*
>
> . . . . .
>
> 2. MJ does not infringe claims 17, 33, and 45 of the '675 patent because it uses a 'sample holder' that consists of a plate having supports that project up from the top surface of the plate to hold containers, rather than a metal block with a plurality of recesses.
>
> . . . . .
>
> A. Defendants Have Failed to Establish that MJ's Alleged 'Sample Holder' Does Not Satisfy the Metal Block Limitations of Claims 17, 33, and 45 as Matter of Law
>
> . . . . .
>
> For the same reasons, defendants art not entitled to summary judgment on Applera's claims of literal infringement as to claims 17 and 33 of the '675 patents....

Pls.' Opp'n [Doc. # 799] at 9, 12, 14; *see also* Margulies Decl. [Doc. # 803] ¶ 14 (opining that metal block structure of claims 17 and 33 of '675 patent are literally present in MJ's thermal cyclers). Thus, plaintiffs' current contention that they "did not put forth a complete infringement analysis for [the metal block] limitation in

claims 17 and 33 because that issue had not been raised by Defendants' Motion," Pls.' Mem. [Doc. # 928] at 3 n. 2 is belied by their own prior filings, in which there appears not even one word as to their understanding that defendants were only challenging the metal block structure of claim 45.

■ Second, Applera asserts that the Court's ruling recognizes that Applera does assert 112(6) equivalents:

> Plaintiffs 'argue only that it [defendants' sample holder] is the structural *equivalent* of the metal block structure of those claims [claims 17 and 33 of the '675 patent] (in addition to being insubstantially different under the judicial doctrine of equivalents).

Pls.' Mem. [Doc. # 928] at 3 (*citing* Ruling [Doc. # 899] at 7–8 n. 3 (emphasis added)). Plaintiff concludes "[t]he Court's explicit recognition that Applera contends that MJ's products are the 'structural equivalent of the metal block structure' is inconsistent with a conclusion that Applera had abandoned literal infringement under Section 112(6) equivalents." *Id.* at 3. This argument is not becoming of Applera, a sophisticated patent litigant that has demonstrated vast knowledge of patent law during the course of the present proceedings. Just two sentences prior to the sentence on which Applera fixates, the Court defined the term "structural equivalent" as different from "equivalent structure" under 112(6), in accordance with terminology used in binding Federal Circuit precedent:

> An accused structure literally infringes a claim expressed in means plus function format if it constitutes equivalent structure (as opposed to structural equivalence) to the claim's corresponding structure as disclosed in the patent's specification. *See IMS Tech., Inc. v. Haas Automation, Inc.,* 206 F.3d 1422, 1430, 1435–37 and n. 4 (Fed.Cir.2000).

Ruling [Doc. # 899] at 7 n. 3. In addition, as demonstrated by the sentence and accompanying citation immediately following the sentence quoted by Applera, Applera demonstrated the knowledge and ability to respond to a literal infringement challenge that did not explicitly mention 112(6) equivalents by arguing literal infringement as a 112(6) equivalent, meeting defendants' literal infringement attack on the cooling means element of claims 1, 44, and 158 of the '610 patent with a 112(6) equivalent argument just pages after arguing that the metal block structure of claims 17, 33, and 45 was literally present in defendants' sample holders. *Compare* Pls.' Opp'n [Doc. # 799] at 12–14 *with id.* at 25–26; *compare also* Margulies Decl. [Doc. # 803] ¶¶ 12–14 (metal block structure of claims 17, 33, and 45 of '675 patent literally present in sample holder) *with id.* ¶ 20 (cooling means of claims, 1, 44, and 158 of '610 patent is 112(6) equivalent of defendants' Peltier device).

Third, Applera argues that defendants' concession in its motion directed to the '493 patent that triable fact questions remained regarding whether MJ's sample holder was the substantial equivalent of the claimed metal block suggested defendants' concession that triable issues existed with respect to 112(6) equivalents. As plaintiffs realize, however, this statement of defendants was made about the judicially created doctrine of equivalents. *See* Pls.' Mem. [Doc. # 928] at 4 n. 3.

On this record, defendants satisfied their "responsibility," *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), to inform the Court of and to identify supporting materials for their challenge to plaintiffs' claim of literal infringement on the grounds of the metal block structure of claims 17, 33, and 45 of the '675 patent. At that point, Applera was required "to put or shut up," *Weinstock v. Columbia Univ.,* 224 F.3d 33, 41 (2d Cir.2000) (quotation omitted), which, as

it knew, could be accomplished by arguing literal infringement under 112(6) equivalents, *see* Opp'n [Doc. # 799] at 25–26. For whatever reason, Applera decided to pursue a different course.

## II. Claim 45 and Prosecution History Estoppel

 Applera first contends that the Court unfairly and without warning analyzed claim 45 under *Festo v. Shoketsu Kinzoku Kogyo Kabushiki Co.,* 535 U.S. 722, 122 S.Ct. 1831, 152 L.Ed.2d 944 as a result of limitations imported from claim 45 into claim 22. *See* Ruling [Doc. # 899] at 21–33. Applera contends that defendants' briefs were limited to argument based estoppel and therefore Applera was deprived of an opportunity to address what became the basis for the Court's ruling. The Court finds Applera's argument unavailing. While the Court's analysis was more detailed than that of defendants, defendants' papers repeatedly invoked *Festo* and, in addition, unmistakably pointed to the critical references in the prosecution history on which the Court's ruling rested, including amendments to claims 22–25. *See* Ruling [Doc. # 899] at 27; Defs.' Mem. [Doc. # 731] at 17 ("Reexamination Amendment (Diebner Decl. Ex. J) at pages 1 and *17–19.*") (emphasis added). Against this background, Applera appears to have made a calculated choice not to offer an alternative argument under *Festo* in addition to its argument-based estoppel one under *Deering.*

 Second, Applera says the Court's prosecution history analysis was clear error: "[T]he argument that Applera has no range of equivalents for the 'recess' aspect of the corresponding structure to Claim 45 fails, even if it were properly linked to the amendment to Claim 22, because the 'recess' aspect of the amendment to Claim 22 does not bear a tangential relation to the

purpose of the amendment to Claim 22." Pls.' Mem. [Doc. # 928] at 6. While Applera agrees with the Court's reading of the prosecution history's explanation for the addition of a heat conducting metal block to claim 22, *compare* Ruling [Doc. # 899] at 32 *with* Pls.' Mem. [Doc. # 928] at 6–7, Applera disagrees with the Court's further observation that "the prosecution history contains no explanation for the necessity of adding a plurality of recesses limitation versus merely a single metal block one," Ruling [Doc. # 899] at 33, as a "fracturing [of] a single amendment . . . [that] simply does not make sense." Pls.' Mem. [Doc. # 928] at 7. The fundamental flaw, in the Court's view, with Applera's argument is that it improperly shifts the burden away from itself to point to the prosecution history to explain the tangentialness of an amendment, *see Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki*, 344 F.3d 1359, 1369 (Fed.Cir.2003) (en banc) ("[T]hat reason should be discernable from the prosecution history record, if the public notice function of a patent and its prosecution history is to have significance."), by suggesting that Applera need not locate in the prosecution history an explanation for the recess amendment to claim 22 but can simply cloak it within the explanation offered for the metal block addition to the claim, *see e.g.*, Pls.' Mem. [Doc. # 928] at 7 ("In short, it simply makes no sense for courts to pluck out one aspect of amendment *that was unnecessary to support the distinction of the prior art*, call it a(sic) independent amendment, and then rule that the patentee is helpless to prove that this aspect is tangential to the rationale for the amendment because *it has no rationale*.") (emphasis added). *See Festo*, 344 F.3d at 1371–72 (amendment of cylindrical

sleeve to one made of magnetizable material not shown to be tangentially related to aluminum sleeve where prosecution history revealed no reason for "magnetizable" amendment, notwithstanding patentee's argument that amendment was unnecessary to answer the examiner's rejection). The public notice function of a patent requires explanation in the prosecution history of every amendment or, stated differently, every limitation contained in a single amendment.[1] Applera's motion for reconsideration is DENIED on this point.

### III. Clarification

Applera's motion for clarification is GRANTED in PART: the Court clarifies that its ruling was only dispositive with respect to MJ's sample holders depicted in both the schematic attached to the declaration of Michael Finney, *see* Decl. of Michael Finney [Doc. # 744] ¶ 7, Ex. E, and Margulies' description of MJ's sample holder with attached photograph, *see* Margulies' Decl. [Doc. # 802] ¶ 13, Ex. 1. The Court's use of the word "like" was not meant to rule on sample holders that were not before the Court in the summary judgment record, but rather to indicate that other thermal cycler models employing sample holders that do not include the minimal shared limitations of the asserted claims of the '675 patent (a holding that controls with respect to the metal block structure of the asserted claims of the '493 and '610 patents) would also be found not to literally infringe the asserted claims. Those sample holders not being before the Court, their likeness remained an issue for trial. The sample holder depicted in Margulies Declaration was before the Court as part of Applera's attempt to raise a genu-

---

1. Applera's suggestion that the lack of an explanation for the recess addition to claim 22 does not bear on claim 45 because the latter employs "receptacles" rather than "recesses" is belied by the patent specification's clearly

defining claim 45's "receptacles" as "recess[es] machined into the heat exchanger. . . ." *See* '675 Patent, col. 7, 1. 63—col. 8, 1. 3; Claim Construction [Doc. # 715] at 19.

ine issue of material fact on literal infringement. While Applera's newly submitted two dimensional cross section of that sample holder and the actual sample holder as a demonstrative exhibit makes literal infringement a closer question, the diagonal section of the same still reveals that it is not a metal block with a recess ("a solid body of metal with a receding or hollow place in its surface," Ruling [Doc. # 899] at 18) but a metal plate or platform from which metal tubular like protrusions or projections arise which are not completely but only partially surrounded by metal.[2]

IT IS SO ORDERED.

---

2. The protrusions on the outside of the sample holder are, of course, surrounded by less metal than those on the inside.